[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, BBED Associates, Inc. ("BBED"), has moved to discharge a mechanic's lien filed by the plaintiff, National CT Page 4674 Lumber, Inc. ("lienor"), on a new home being built for resale by the defendant at 6 Robin Hill Lane in Hamden.
The application for discharge states the ground for discharge as follows: "[t]hat there is not probable cause to sustain the validity of such lien." At the hearing as to its application, after the plaintiff presented evidence as to unpaid bills for lumber it supplied for the job, BBED presented evidence as to the amount of the contract for the construction of the house and the amounts paid to the general contractor. The plaintiff did not object to the introduction of such evidence, nor did it offer any rebuttal.
The lienor presented evidence that established probable cause that it is owed $3,845.65 for lumber and materials supplied for the construction project at 6 Robin Hill Lane.
In closing argument BBED argued that the lien should be discharged for the reason that a supplier's lien could not attach because BBED, the owner of the property, had made good faith payments to its general contractor, Frederick Buonfiglio, d/b/a Buonfiglio Builders (hereinafter "Buonfiglio"), in the amount of the entire contract price. National Lumber, Inc. countered that this defense, an apparent invocation of 49-36 C.G.S., could not be adjudicated upon an application to discharge the lien but must await trial on the foreclosure of the lien.
Contrary to the lienor's assertions, the validity of a lien in this context may be raised by an application for discharge and need not await the filing of an action to foreclose the lien. See49-35a(a) C.G.S. and Seamen v. Climate Control Corporation,181 Conn. 592 (1980).
Pursuant to 49-35b C.G.S., a party challenging the validity of a mechanic's lien or urging reduction of the lien must prove its claim of invalidity by clear and convincing evidence.
Section 49-36 C.G.S. provides in relevant part that no mechanic's lien may attach to a property "to a greater amount in the whole than the price which the owner agreed to pay for the building and its appurtenances . . ." and that "[i]n determining the amount to which any lien or liens may attach . . . the owner . . .shall be allowed whatever payments he has made, in good faith, to the original contractor or contractors, before receiving notice of the lien or liens."
The evidence indicated that Buonfiglio Builders, as general contractor, was obligated to complete a single family house at 6 Robin Lane in return for payment in the amount of $81,613.00. By the terms of the contract, signed on June 18, 1991, installment CT Page 4675 payments were due at intervals corresponding to completion of designated stages of the work. BBED paid Buonfiglio the first three payments on schedule. On July 12, 1991, upon being advised that Buonfiglio Builders, which was engaged in building at least a dozen houses, was having cash flow problems, BBED made an advance payment in the amount of $20,000 and took a note which provided that the $20,000 would be repaid on or before September 15, 1991. By the terms of the note, Buonfiglio agreed that if the loan were unpaid after the maturity date, BBED could set off the indebtedness against any sums it owed Buonfiglio. (Ex. 7).
The note remained unpaid after its due date, and on December 2, 1991, BBED offset the full amount due against the final payment is owed Buonfiglio for completion of the house, such that it paid him the balance due under the $81,613.00 contract by a payment of $5,513.00, plus a memorandum indicating full payment of the note.
The transaction outlined above indicates that BBED knew that Buonfiglio was having financial problems during the course of the project at 6 Robin Hill Lane. He failed to pay the note on its due date, and he asked BBED to extend the date for payment beyond a date in the fall of 1991 when he received payment for another house he was building for BBED. Given this context, the court cannot conclude that BBED's payments to Buonfiglio were, to the statutory standard of clear and convincing proof, made in good faith pursuant to 49-36 (c) C.G.S.
Accordingly, the application to discharge the lien is denied.
BEVERLY J. HODGSON
JUDGE OF THE SUPERIOR COURT